The complainants and defendants are severally owners of lots of land within the section restricted by one William McLaughlin, in Atlantic City.
The restriction alleged to be violated is: "That no building shall be erected nearer the front property line of any avenue or street than fifteen feet * * * provided, further, that nothing herein contained shall be construed as restraining the owner of any lot from erecting any bay window or porch in front of any building * * * and the floor of which porch shall not be more than nine feet above the established grade of said lot."
The building of the defendant, when originally erected, had an open porch which was nearer than fifteen feet of the front property line, but less than nine feet above the grade. *Page 141 
This porch did not violate the restriction. Later, this porch was entirely enclosed in glass, no change being made in its location, and the steps or approach from the lot level were removed (there being another or main entrance facing Ventnor avenue — the side line of the lot). No complaint was made that this change violated the restrictive covenants.
The change, as recently made by the defendant, is to increase the size of this enclosed structure in width about four feet, make changes in the roof and other inside alterations. The exterior is in the same general appearance as before the alterations, excepting the increased width or depth.
The charge of the complainants is, that by these late changes the structure is "a building" subject to the restrictive clause, and has ceased to be a porch, and is not within the exception which permits a "porch" to be built within the restricted territory.
The defendants contend (1) that this structure is a porch, and therefore is not a violation of the restriction. In Pearson
v. Stafford, 88 N.J. Eq. 385, Chancellor Walker said:
"Houses and hotels have porches, and as they almost invariably project out from the buildings it would seem that a restrictive covenant which would prevent the erection of a building beyond a certain line back from the street, but silent as to porches, ought not to be construed to prevent the building of porches within the prohibited area, and who shall say how extensive the porches may be? Of course, if, under the guise of building a porch, an extension of the building was attempted, such, for instance, as increasing the dining-room space in an enclosed one-story porch-like addition to the building, thus making an enlargement of the dining-room proper, all enclosed as within the building, that might well be considered a breach of the covenant. Each case would necessarily depend upon its own circumstances."
(2) That the complainant Bowen has violated this restriction, in that he has built an enclosed garage under the porch in front of his house and within the restricted area. If the complainants have violated these restrictions, the bill must be dismissed.Roberts v. Scull, 58 N.J. Eq. 405; *Page 142 Ocean City v. Headley, 62 N.J. Eq. 322; Smith v. Spencer,81 N.J. Eq. 389. No evidence has been produced that Alcorn has violated this restriction, but it should be stated that he did not appear or take any part in the proceedings, and the case was heard as though Bowen was the only complainant. (3) That the complainants cannot be heard to complain because there has been such a degree of acquiescence in the building of such structures as the one complained of, amounting to an abandonment of the right of complainant. It is well settled that the equitable right to enforce restrictive covenants of this nature may be lost by a degree of acquiescence in their violation, amounting to an abandonment of the rights of complainant. Bowen v. Smith, 76N.J. Eq. 456.
Admittedly, there are a number of enclosed porches within a few hundred feet of the complainants' and defendants' homes, at least one of which has no entrance from the street, and if the structure under consideration is violative of the restriction, that one is likewise a violation.
No complaint ever appears to have been made concerning these porches, nor, as before stated, was any complaint ever made concerning defendants' structure until its enlargement.
There is no evidence to show that the complainants are peculiarly affected by the defendants' structure, and they cannot now be heard to complain in view of their entire acquiescence in the building of similar enclosures, upon other properties, within close proximity to their property.
It is therefore unnecessary to determine whether the Bowen garage is a violation of the covenant, or if the defendants' structure is or is not a porch.
 The bill must be dismissed. *Page 143